**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190289-U

Order filed July 14, 2020
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Henry County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-19-0289 |
| | ) | Circuit No. 01-MR-13 |
| NATHAN HULSLANDER, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Jeffrey W. O'Connor, |
| | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Carter and O'Brien concurred in the judgment.
_____

**ORDER**

¶ 1     *Held*:  Trial court's denial of defendant's application for recovery under the Sexually Dangerous Persons (SDP) Act was not against the manifest weight of the evidence where State's expert testified that defendant remains an SDP.

¶ 2     Defendant Nathan Hulslander was first found to be an SDP and committed to the custody of the Department of Corrections in 2001. In May 2015, defendant filed his third application for discharge or conditional release. Defendant was examined by two qualified evaluators, Dr. Kristopher Clounch and Dr. Luis Rosell. At defendant's bench trial, Dr. Clounch testified that

defendant remains an SDP in need of further institutional treatment. Dr. Rosell opined that defendant has progressed as much as he can in institutional treatment and recommended that he be conditionally discharged. The trial court entered an order denying defendant's recovery application. We affirm.

¶ 3                                                FACTS

¶ 4         In October 1997, defendant was adjudicated a delinquent minor based on a charge of criminal sexual assault (720 ILCS 5/12-13(a)(2) (West 1996)) against a four-year-old boy. Three years later, defendant was charged with two counts of predatory criminal sexual assault of a child and aggravated criminal sexual abuse (720 ILCS 5/12-14.1(a)(1), 12-16(c)(1)(i) (West 2000)) against a seven-year-old girl.

¶ 5         In February 2001, the State filed a petition to have defendant declared a sexually dangerous person under the SDP Act (725 ILCS 205/1.01 *et seq*. (West 2000)) in lieu of prosecution. Defendant admitted to the facts contained in the petition and waived his right to a hearing. On November 14, 2001, the trial court entered an order finding defendant to be an SDP under the SDP Act and ordered him to be committed to the custody of the Illinois Department of Corrections until he is recovered or released. Defendant was sent to Big Muddy River Correctional Center.

¶ 6          In 2004, defendant filed his first application for discharge or conditional release. Following a bench trial, the trial court denied the application in 2005. In 2008, defendant filed his second application for discharge or conditional release. Following a bench trial, the trial court denied the application in 2011. In 2013, defendant filed his third application for discharge or conditional release. The case proceeded to a bench trial in 2019.

¶ 7         Dr. Kristopher Clounch, a clinical and forensic psychologist and qualified evaluator of SDPs, testified for the State. Dr. Clounch met with defendant at Big Muddy River and found him

2

to be dishonest and uncooperative during his interview. Dr. Clounch also reviewed defendant's treatment records and evaluations, police reports, investigation reports and court records. Dr. Clounch diagnosed defendant with "pedophilic disorder, sexually attracted to males and females, nonexclusive," as well as "intellectual disability, moderate," and a speech impediment. Defendant continues to suffer from pedophilic disorder, which cannot be cured but can be managed "through appropriate cognitive, behaviorally based treatment."

¶ 8        Dr. Clounch found defendant's self-reporting to be inconsistent with the records he reviewed. Specifically, defendant denied having any sexual partners during his incarceration, while records showed defendant previously admitted that he had sex with inmates at Big Muddy River in 2003 and 2012.

¶ 9        According to police records, in 1995, when defendant was 15 years old, he had sexual contact with his four-year-old nephew. Defendant admitted that he "humped" his nephew, which defendant described as rubbing his penis against the boy's buttocks. Defendant also admitted performing oral sex on the child.

¶ 10       In 2000, defendant was arrested for having sexual contact with the seven-year-old daughter of his girlfriend. The child reported that defendant touched her stomach with his penis, touched her vagina with his hand, and anally penetrated her with his penis. The child reported that the abuse occurred "lots of times." Defendant previously admitted that he vaginally penetrated the child on at least two occasions but told Dr. Clounch that he only did so once.

¶ 11       According to Dr. Clounch, defendant is in phase two of the four-phase SDP treatment program at Big Muddy River. Defendant has remained in phase two for a long time because he has made minimal progress in the "areas that are most important with respect to *** understanding his deviant cycle, his understanding of his core issues and resolving those issues, understanding high-

3

risk factors and triggers, \*\*\* as well as having a good understanding of his interventions and how he can stop himself from offending in the future." Dr. Clounch believes that defendant has not progressed past phase two because he refuses to admit his sexual fantasies and urges toward children.

¶ 12　　　Dr. Clounch performed risk assessments on defendant, including the Static-99R and Stable-2007. Defendant scored a four on the Static-99R, which places him in the "above average" risk category. Individuals in that category are 1.9 times more likely to reoffend than typical sex offenders. Defendant scored a 15 out of 26 on the Stable-2007, which places him in the "high" risk category. Defendant's composite score on both tests place him in the "well above average" risk category. Individuals in that group are three to four times more likely to reoffend than the average sex offender.

¶ 13　　　Dr. Clounch also found that defendant possessed several dynamic risk factors making him more likely to reoffend. One of those risk factors is "resistance to rules and supervision," which defendant demonstrated by committing 48 violations at Big Muddy River and incurring 64 tickets for violating rules in the SDP program. According to Dr. Clounch, defendant does not possess any protective factors that make him less likely to reoffend.

¶ 14　　　Dr. Clounch believes that defendant's intellectual disability makes it more difficult, but not impossible, for defendant to complete sex offender treatment. Dr. Clounch opined that based on defendant's level of functioning and adaptions to the treatment that have been implemented, defendant can successfully complete the sex offender treatment program at Big Muddy River. Dr. Clounch believes that the primary reason for defendant's failure to progress further in treatment is not his intellectual disability but his unwillingness to admit to and address his sexual fantasies and urges toward children.

¶ 15    Dr. Clounch concluded, to a reasonable degree of psychological certainty, that defendant remains a sexually dangerous person. He further stated that it is "substantially probable" that defendant will "commit future acts of sexual violence if not confined in a structured and secure environment."

¶ 16    Dr. Luis Rosell, an expert in the field of forensic psychology and a licensed sex offender evaluator, testified for defendant. Dr. Rosell interviewed defendant and reviewed his records. Dr. Rosell opined that defendant's intellectual disability will make it "very difficult" for him to complete sex offender treatment. Dr. Rosell does not believe that defendant's treatment is being tailored to his intellectual limitations, making it impossible for defendant to ever complete the SDP program at Big Muddy River.

¶ 17    Defendant reported to Dr. Rosell that he had fantasies about children in the past but denies that he still has those. He told Dr. Rosell that he currently only fantasizes about adults. Defendant also reported that he has not masturbated in 15 years because it is prohibited at Big Muddy River. Defendant attends group therapy but stopped completing written workbook assignments because he has difficulty writing.

¶ 18    Dr. Rosell diagnosed defendant with "pedophilic disorder, sexually attracted, nonexclusive type," "intellectual disability, mild," "speech disorder and writing and reading disorder." Dr. Rosell agreed that "pedophilic disorder" is a "lifelong condition" but explained that "does not mean you have to act on it."

¶ 19    Dr. Rosell performed the Static-99R on defendant. Defendant received a score of four, placing him in the "above average" range, which Dr. Rosell described as a "fairly low risk" for recidivism. Dr. Rosell explained that defendant's score will decrease to a three in six months when

5

defendant turns 40 because the recidivism rates generally decrease with age. Dr. Rosell did not administer the Stable-2007.

¶ 20 According to Dr. Rosell, defendant's behavior has "improved significantly as he's gotten older," noting that defendant committed many disciplinary infractions soon after he arrived at Big Muddy River but has not done so in recent years. Dr. Rosell opined that defendant would not be able to progress any further in SDP treatment at Big Muddy River "because if he could have, he would have because he's been there long enough." Dr. Rosell believes that it is "very possible that [defendant] has reached maximum benefits" from treatment at Big Muddy River. Dr. Rosell admitted that he had "limited experience" evaluating SDPs. He typically evaluates sexually violent persons (SVPs). Dr. Rosell admitted that he would be concerned if defendant had access to children.

¶ 21 Dr. Rosell refused to state whether he believes defendant is still an SDP. However, he concluded that defendant "has lowered his risk and participated substantially to earn an opportunity to return to the community under conditional supervision and continued treatment."

¶ 22 At the conclusion of the trial, the court denied defendant's application finding Dr. Clounch's testimony to be more convincing than Dr. Rosell's.

¶ 23 ANALYSIS

¶ 24 Defendant argues that the trial court erred in denying his recovery application because the State did not prove by clear and convincing evidence that he still meets the criteria of a sexually dangerous person.

¶ 25 The SDP Act allows the State to file a petition for the commitment of a criminal defendant instead of prosecution if the State believes the defendant is a sexually dangerous person as defined in the SDP Act. *People v. Grant*, 2016 IL App (5th) 130416, ¶ 7. A person is sexually dangerous

6

if he: (1) suffered from a mental disorder for at least one year prior to filing the petition; (2) has "criminal propensities to the commission of sexual offenses"; and (3) has "demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children." 725 ILCS 205/1.01 (West 2018); *People v. Bingham,* ¶ 27. Additionally, a finding of sexual dangerousness under the SDP Act "must be accompanied by an explicit finding that it is 'substantially probable' the person subject to the commitment proceeding will engage in the commission of sex offenses in the future if not confined." *People v. Masterson*, 207 Ill 2d 305, 330 (2003).

¶ 26    At a commitment hearing, the State must prove the defendant is sexually dangerous beyond a reasonable doubt. 725 ILCS 205/3.01 (West 2018).  The State can establish a defendant's "propensities to the commission of sexual offenses" by presenting evidence that defendant committed more than one "sexual offense." See *Bingham*, 2014 IL 115964, ¶ 48. Evidence of defendant's commission of sexual assault or child molestation is sufficient to establish that the defendant has "demonstrated propensities toward acts of sexual assault or sexual molestation of children." See *id*. ¶ 61.

¶ 27    Any time after a defendant is committed under the SDP Act, he may file a recovery application alleging that he is no longer sexually dangerous and requesting a discharge or conditional release. 725 ILCS 205/9(a) (West 2018). At proceedings on a recovery application, the State must prove by clear and convincing evidence that the defendant "is still a sexually dangerous person." 725 ILCS 205/9(b) (West 2018). At issue in the recovery proceeding is the defendant's current psychological condition and whether he remains a sexually dangerous person within the meaning of the Act. *Grant*, 2016 IL App (5th) 130416, ¶ 8.

¶ 28    The decision of the trial court in an SDP recovery proceeding is reviewed under the manifest weight of the evidence standard. *People v. Donath*, 2013 IL App (3d) 120251, ¶ 38. A

7

court's finding that a defendant remains an SDP will be disturbed on review only where the opposite conclusion is clearly apparent. *Id*.

¶ 29 The trier of fact is in the best position to weigh the evidence and assess the credibility of the testimony presented. *In re Commitment of Fields*, 2012 IL App (1st) 112191, ¶ 62. It is for the trier of fact to determine the credibility of the State's witnesses in considering whether the State presented sufficient evidence to show that the defendant met the criteria of an SDP. *Id*. ¶ 65. A court may choose to believe one expert over another. *People v. Holmes*, 2016 IL App (1st) 132357, ¶ 112.

¶ 30 Defendant contends that the State did not prove by clear and convincing evidence that he remains an SDP because it failed to prove that he has criminal propensities to the commission of sex offenses and has demonstrated propensities toward acts of sexual assault or sexual molestation of children. We disagree.

¶ 31 Both Dr. Clounch and Dr. Rosell testified that defendant suffers from pedophilic disorder, sexually attracted to males and females, nonexclusive. The undisputed evidence also establishes that defendant committed criminal sexual assault against two children: a four-year-old boy, and a seven-year-old girl. Defendant's commission of those offenses provides clear and convincing evidence of defendant's propensities "to the commission of sexual offenses" and toward "acts of sexual molestation of children. See *Bingham*, 2014 IL 115964, ¶¶ 48, 61.

¶ 32 The evidence further establishes that it is substantially probable that defendant will engage in sexual offenses in the future if not confined. Despite many years in the SDP treatment program at Big Muddy River, defendant has failed to progress through all phases of treatment. Dr. Clounch attributed defendant's failure to make sufficient progress in treatment to his refusal to admit to and address his sexual fantasies and urges toward children. Because of defendant's "minimal progress"

8

in some of the "most important" areas of SDP treatment, defendant has not shown that he can stop himself from offending in the future.

¶ 33 The risk assessments also show that defendant remains at a high risk of sexually reoffending. Defendant's score on the Static-99R shows that he is 1.9 times more likely to reoffend than the typical sex offender. Additionally, defendant's composite score on both the Static-99R and Stable-2007 showed that defendant was three to four times more likely to reoffend than the average sex offender. Dr. Clounch also found that defendant possesses several dynamic risk factors making him more likely to reoffend and no protective factors reducing his risk to reoffend.

¶ 34 Here, the State presented sufficient evidence to show that defendant is still an SDP based on the statutory criteria. Defendant, however, argues that the trial court should have accepted the testimony of Dr. Rosell over that of Dr. Clounch and granted his application for discharge. We disagree for several reasons.

¶ 35 First, unlike Dr. Clounch who unequivocally stated that defendant is still an SDP, Dr. Rosell refused to provide an opinion about whether defendant remains an SDP. Additionally, it was for the trial court to assess the credibility of the witnesses to determine if the State presented sufficient evidence to show that defendant is still an SDP based on the statutory criteria. See *Fields*, 2012 IL App (1st) 112191, ¶¶ 62, 65. The trial court was free to accept Dr. Clounch's opinion over Dr. Rosell's. See *Holmes*, 2016 IL App (1st) 132357, ¶ 112. Based on the testimony presented, the trial court's conclusion that the State presented sufficient evidence to prove that defendant remains an SDP was not against the manifest weight of the evidence.

¶ 36 CONCLUSION

¶ 37 The judgment of the circuit court of Henry County is affirmed.

¶ 38 Affirmed.

9